UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS P. FERRIS III,

    Plaintiff,

v.

BANK OF AMERICA CORPORATION,
BANK OF AMERICA NATIONAL ASSOCIATION,
and BAC HOME LOANS SERVICING, LP,

    Defendants.
_____/

Case No. 11-cv-13104

Paul D. Borman
United States District Judge

### OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND FOR JUDGMENT PURSUANT TO RULE 12(c)(ECF NO. 31)

Before the Court is Defendants Bank of America Corporation ("BAC") and Bank of America, N.A., as itself and as successor by merger to BAC Home Loans Servicing, LP ("BANA") (collectively Defendants) Motion for Summary Judgment and for Judgment Pursuant to Rule 12(c). (ECF No. 31.) Plaintiff filed a response (ECF No. 34) and Defendants filed a reply (ECF No. 36). The Court held a hearing on April 4, 2013. For the reasons that follow, the Court GRANTS Defendants' motion.

**INTRODUCTION**

In this mortgage foreclosure action, Plaintiff has conceded that Count I of his Complaint, asserting a claim under the Michigan Consumer Protection Act, should be dismissed.[1] Accordingly,

---

[1] In his response, Plaintiff concedes that "BAC has established that Plaintiffs cannot plead a breach of Michigan Consumer Protection Act claim because the statute is inapplicable to government regulated entities. . . . Count I should be dismissed as a matter of law." (ECF No. 36, Pl.'s Resp. 1-2.) Accordingly, the Court GRANTS Defendants' motion for judgment on the pleadings and/or for summary judgment on Count I of Plaintiff's Complaint.

1

the sole issue before the Court is whether questions of fact exist regarding the single remaining Count of the Complaint that seeks recovery under the doctrines of promissory and/or equitable estoppel. The Court concludes that Plaintiff has not presented evidence sufficient to avoid the statute of frauds defense to his claim for promissory/equitable estoppel based upon an alleged oral promise to consider Plaintiff for a loan modification.

## I. BACKGROUND

The facts surrounding the origination of Plaintiff's loan and subsequent default are not in dispute. On September 8, 2003, Plaintiff executed a promissory note (the "Note") and obtained a mortgage (the "Mortgage") from Bergin Financial, Inc., in the principal amount of $260,000, on the Property located at 39592 Dun Rovin Drive, Northville, Michigan, 48167 (the "Property"). (Compl. ¶ 13, Ex. A; Def.'s Mot. Ex. A, August 29, 2012 Affidavit of Patricia Coffey, Exs. 1, 2.) The Note and Mortgage were subsequently assigned to Bank of America, N.A. ("BANA"). (Compl. ¶ 14; Coffey Aff. ¶ 3.)

Prior to September, 2012, Plaintiff was having trouble meeting his financial obligations under his mortgage loan and was receiving help from a family friend to make his payments. (Pl.'s Resp. Ex. 1, July 12, 2012 Deposition of Louis P. Ferris 42-43, 54-55, 85-87.) Plaintiff was hoping to reduce his mortgage payment from $2,100 per month to $700 month, so that he could handle the payment without the assistance of family members. (*Id.* at 86-87.)

Plaintiff alleges in his Complaint that he stopped making his mortgage payments in October, 2012. (Compl. ¶ 18; Coffey Aff. ¶ 5.) In his deposition, he testified that he stopped making payments in December. (Ferris Dep. at 51-52, 54-55.) Plaintiff claims that he stopped making his mortgage payments because "representatives of Defendants told [Plaintiff] in October of 2010 that

he must be delinquent on his loan in order to qualify for the loan modification programs [and] . . . instructed [him] to stop making payments on his mortgage so he may qualify for the loan modification programs." (Compl. ¶ 16.) Plaintiff testified that when he contacted BANA seeking to modify his mortgage loan he was told by representatives of BANA that he "had to go late" on his loan before the bank would consider refinancing his loan. (Ferris Dep. at 39-40, 42-43, 47, 55, 65-66, 71-73.) Accordingly, Plaintiff states, he stopped making his mortgage payments based upon this alleged oral promise made over the telephone that doing so would help to qualify him for a loan modification.

Plaintiff admits that he has no signed documents from BANA instructing him to stop making his loan payments but relies instead on "documented conversations," i.e. telephone conversations with BANA representatives that Plaintiff recorded in which he alleges he was told by BANA representatives to "go late" on his loan payments. (Defs.' Mot. Ex. B, Pl.'s Supp. Responses to Defs.' Second Discovery Requests; Ferris Dep. at 44, 47, 55, 72-73.)[2] Likewise, Defendants have

---

[2] In their Motion, Defendants assert that Plaintiff has produced the tapes of the secretly recorded conversations but that none of them includes an instance of a BANA employee advising Plaintiff to stop making his mortgage payments or promising that BANA would not foreclose if Plaintiff stopped making his payments in order to qualify for a loan modification. The Court has carefully listened to the tapes and agrees with Defendants that none of them includes a clear representation by a BANA employee advising Plaintiff to stop making his loan payments or promising that BANA would not foreclose if Plaintiff were to stop making payments on his loan in order to qualify for a loan modification. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). While *Scott* involved video evidence that blatantly contradicted the record, the Sixth Circuit has extended the rationale of *Scott* to audio recordings, which can just as blatantly contradict the facts presented by the non-moving party as can a video recording. *See Coble v. City of White House, Tenn.*, 634 F.3d 865, 868-69 (6th Cir. 2011) (finding nothing in *Scott* that suggests it should be limited to videotape evidence and focusing on whether the evidence, whether video or audio, "blatantly contradicts" the non-moving party's version of events). Here, the audio recordings blatantly contradict Plaintiff's version of what was said by the BANA representatives and no

no record of any written document instructing Plaintiff to stop making his mortgage payments. (Coffey Aff. ¶ 6.) In fact, Defendants sent Plaintiff a letter on September 28, 2010, informing him that he did not qualify for a loan modification under the Home Affordable Loan Modification ("HAMP") Program and expressly instructing Plaintiff "to continue making [his loan] payments and [to] keep [his] loan in good standing." (Coffey Aff. ¶ 7, Ex. 3.) Plaintiff conceded in his deposition that he never received an offer from the Defendants, either orally or in writing, to modify his loan but maintains that he relied on the representations that he had to go late on his payments before he could qualify for loan modification. (Ferris Dep. at 71-74, 76.) However, rather than considering him for a loan modification after he stopped making his loan payments, the Defendants began foreclosure proceedings on his Property.

## II. STANDARD OF REVIEW

### A. Judgment on the Pleadings - Rule 12(c)

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards applicable to a motion to dismiss pursuant to Rule 12(b)(6). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same . . . ." *Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007). The Sixth Circuit has defined the pleading requirements necessary to withstand a challenge under Rule 12(c):

> We recently explained the pleading requirements that are necessary to survive a Rule 12(c) motion:
>
> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929

---

reasonable jury could conclude that Plaintiff was told in those conversations to stop making his loan payments so that he would qualify for a loan modification. In any event, even if such promises were made, this evidence would not overcome the Defendants' statute of frauds defense, as discussed *infra*.

> (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id*. at 1964-65 (internal citations omitted). In *Erickson v. Pardus*, 550 U.S. ----, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after *Twombly*, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id*. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id*. (citing *Twombly*, 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12. *Sensations, Inc*., 526 F.3d at 295-96 (footnote omitted).

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008) (quoting *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)).

When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at

5

555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice (3) documents that are a matter of public record and (4) letters that constitute decisions of a government agency. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See also Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written

instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

  B.   **Summary Judgment - Rule 56**

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323; *See also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). "'The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *In re Calumet Farm, Inc.*, 398 F.3d 555, 558 (6th Cir. 2005)).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

"Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make [his] case with a showing of facts that can be established by evidence that will be admissible at trial.... In fact, '[t]he failure to present any evidence to counter a well-supported motion for

summary judgment alone is grounds for granting the motion.' Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)).

### III.   ANALYSIS

Plaintiff argues that the oral representations made to him over the telephone by various representatives of BANA, instructing him to stop making his mortgage loan payments so that he would qualify to seek a loan modification, form the basis for an enforceable promise to modify the terms of his defaulted loan. Michigan's statute of frauds, Mich. Comp. Laws § 566.132, however, requires that any agreement by a financial institution to modify a loan agreement or forbear from proceeding with their foreclosure rights must be in writing and signed by an authorized agent of the financial institution. Section 566.132 provides in relevant part:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> > (a) A promise of commitment to lend money, grant or extend credit, or make any other financial accommodation.
> >
> > (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> >
> > (c) A promise of commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132.

This statutory provision has been strictly enforced to bar any type of claim against a financial institution that is not supported by a written document signed by an authorized agent of the financial

institution. *See Crown Technology Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550 (2000) (holding that, under the "unqualified and broad ban" of section 566.132, "a party is precluded from bringing a claim - no matter its label - against a financial institution to enforce the terms of an oral promise . . . including actions for promissory estoppel"). In *Loeffler v. BAC Home Loans Servicing*, No. 11-13711, 2012 WL 666750 (E.D. Mich. Feb. 29, 2012), this Court faced a similar factual scenario where plaintiff claimed that representatives of the defendant loan servicer "recommended that he stop paying his mortgage and apply for modification again after his first missed payment." *Id.* at *1. Plaintiff in *Loeffler* alleged that he missed his next mortgage payment, received a loan modification packet but that while his request for a modification was being processed, defendants instituted foreclosure proceedings on his property. *Id.* This Court rejected plaintiff's fraud and misrepresentation claims, agreeing with several decisions in this district "that misrepresentation claims based on alleged promises to modify home mortgages are barred by the Michigan Statute of Frauds." *Id.* at *5.

*Crown Technology* dictates that, no matter the label they place on their claim, plaintiffs are precluded from bringing claims against financial institutions to enforce the terms of oral promises to waive or modify the terms of a loan. *See also Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, 919 (E.D. Mich. 2012) (citing *Crown Technology* and dismissing plaintiffs' fraud claims that would require the court to enforce alleged oral promises and representations in contravention of the statute of frauds); *Snell v. Wells Fargo Bank*, No. 11-12018, 2012 WL 1048576, at *6-7 (E.D. Mich. March 28, 2012) (citing *Crown Technology* and finding that under Michigan statute of frauds, a party is precluded from bringing any claim against a financial institution to enforce the terms of an oral promise and rejecting plaintiff's attempt to rely on alleged unwritten promises by its lender

to enter into a loan modification agreement or to forbear from foreclosure); *Heikkinen v. Bank of America, N.A.*, No. 11-13532, 2012 WL 628608, at *7 (E.D. Mich. Feb. 27, 2012) ("Because Plaintiff presents no evidence of a writing signed by Defendants promising to modify her loan documents, her claims based on any such promise do not survive Defendants' motion for summary judgment and are dismissed."); *Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995, at *9 (E.D. Mich. Feb. 16, 2012) (dismissing "claim [] based on an unwritten agreement by CMI to consider plaintiffs for a loan modification," finding that "a promissory estoppel claim is also barred by the statute of frauds"); *Williams v. JP Morgan Mtg. Acquisition Corp.*, No. 09-12106, 2010 WL 1052356, at *4 (E.D. Mich. March 19, 2010) (finding that third party notes of conversations with defendant's representatives, allegedly indicating an agreement to delay a sheriff's sale, at most "offer[ed] proof of a verbal promise and not a writing signed by Defendant as required by [Mich. Comp. Laws § 566.132]"); *Ajami v. IndyMac Mtg. Services*, No. 09-13488, 2009 WL 3874680, at *2 (E.D. Mich. Nov. 13, 2009) (finding that oral promises to modify a loan "fall squarely within the express language of M.C.L. § 566.132(2)(b) and (c)" and dismissing plaintiffs' claims based on plaintiffs' failure to provide documentary evidence establishing a promise of financial accommodation).

The law is clear that Plaintiff's promissory estoppel claim, which rests at best on oral representations made in the course of telephone conversations by BANA representatives, is barred by the Michigan statute of frauds provision protecting financial institutions from claims based upon alleged oral representations. Plaintiff does not seriously contest the defeat of his promissory estoppel claim but argues that BANA should be equitably estopped from asserting the statute of frauds as a defense in this case based on BANA's alleged oral directives to Plaintiff to "go late" on

11

his mortgage loan payments in order to qualify for a loan modification offer. "Equitable estoppel arises where one party has knowingly concealed or falsely represented a material fact, while inducing another's reasonable reliance on that misapprehension, under circumstances where the relying party would suffer prejudice if the representing or concealing party were subsequently to assume a contrary position." *Adams v. City of Detroit*, 232 Mich. App. 701, 708 (1998) (citing *Cincinnati Ins. Co. v. Citizens Ins. Co.*, 454 Mich. 263, 270 (1997)).

In support of his equitable estoppel theory, Plaintiff relies on *Schuler v. Wells Fargo Home Mtg., Inc.*, No. 11-11501, 2011 WL 2470125 (E.D. Mich. June 20, 2011), in which Judge Victoria Roberts of this District refused to grant Wells Fargo's motion to dismiss based upon the statute of frauds where the plaintiffs' allegations "may have been sufficient" to demonstrate the "elements of equitable estoppel or part performance." *Schuler* is inapposite here for several reasons. First, Judge Roberts was deciding a motion to dismiss, not a motion for summary judgment following discovery, as is the case here on Plaintiff's estoppel claims. Second, in *Schuler*, it was undisputed that Wells Fargo had submitted a written offer to plaintiffs to modify their loan, and that the plaintiffs had begun to submit payments under that agreement. The only issue before the court was whether or not to enforce the alleged oral promise by Wells Fargo to extend the time within which plaintiffs could accept the written loan modification offer and return the executed agreement. Plaintiffs alleged that they received the written loan modification offer in the mail after the 5-day time period for accepting the offer had expired. *Id*. at * 1. There was no dispute in *Schuler* that the financial institution had offered in writing to modify plaintiffs' loan and had sent a proposed modified loan payment schedule. Thus, there was a writing sufficient to satisfy the statute of frauds evidencing Wells Fargo's offer. However, there was no writing sufficient to satisfy the statute of frauds that

12

evidenced Wells Fargo's alleged oral promise to waive the 5-day acceptance period. *Id*. at *2. Recognizing that the statute of frauds ordinarily would apply to bar the enforcement of the oral promise to waive the 5-day acceptance period, Judge Roberts nonetheless declined to dismiss the action, finding that plaintiff's allegations regarding equitable estoppel or part performance, if true, may have proved sufficient through discovery to avoid the statutory bar. *Id*. at *4.

In the instant case, discovery is complete, there has been no "part performance," and there is no evidence that would support application of the doctrine of equitable estoppel. First, unlike in *Schuler*, it is undisputed that there is no writing in this case indicating that BANA ever agreed to modify Plaintiff's loan. Indeed, the essence of Plaintiff's argument is that he was never offered a loan modification and BANA proceeded with foreclosure without affording him the opportunity to modify the terms of his loan. The oral promise that Plaintiff seeks to enforce in this case is an alleged promise by BANA to consider Plaintiff for a loan modification if he would first "go late" on his loan payments. The Court has listened to the tapes which Plaintiff claims contain representations by a BANA representative advising the Plaintiff to stop making his mortgage payments in order to qualify for a loan modification. The Court can discern no such representations. In any event, the only writing that addresses the issue of Plaintiff's obligation to continue making his loan payments is a September, 2010 letter to Plaintiff from BANA encouraging him to continue making his loan payments and to keep his loan current. Thus, even assuming that Plaintiff had been told orally over the phone by a BANA representative subsequently to stop making his payments, it would have been unreasonable to act in reliance on such representations in light of the written document instructing him to do just the opposite. *See Wier v. Countrywide Bank, N.A.*, No. 10-11468, 2011 WL 1256944, at *5 (E.D. Mich. March 31, 2011) (refusing to apply equitable estoppel

13

where alleged promises related not to present facts but to statements of future expectations or opinions and where written disclosures contradicted the alleged oral representations, putting plaintiff on notice of the unreliability of the oral representations). In *Schuler*, Judge Roberts never addressed the reasonableness of plaintiffs' reliance on the alleged oral promises and the plaintiffs in that case had partially performed the terms of the written loan modification offer.

Assuming *arguendo* that the "equitable estoppel" label could save this claim from the same fate as Plaintiff's promissory estoppel claim in view of the Michigan statutory protection afforded to financial institutions against claims based on oral promises "regardless of their label," and given the broad parameters for enforcing that protection espoused in *Crown Technology*, such a claim fails here. There was never a written loan modification offer in this case and any reliance by Plaintiff on the alleged oral representation that he should stop making his mortgage loan payments in order to qualify for a loan modification (not in any event a statement of fact) was unreasonable given written documentation instructing Plaintiff otherwise.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 11, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2013.

                                          s/Deborah Tofil
                                          Case Manager